UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| CHRISTOPHER D. WILLIAMS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) <br> ) | Crim. No. 5:23-cr-000132-GFVT-EBA-1 <br> Civ. No. 5:25-cv-00097-GFVT-EBA <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Report and Recommendation prepared by United States Magistrate Judge Edward B. Atkins. [R. 44.] Judge Atkins reviewed a motion to vacate filed by prisoner Christopher D. Williams pursuant to 28 U.S.C. § 2255. [R. 33.] After conducting a review of the petition, Judge Atkins recommends that the Court deny Williams's motion and deny a certificate of appealability. [R. 44.] Because Williams did not object, the Court **ADOPTS** Judge Atkins's Recommendation **[R. 44]** as and for the opinion of the Court and will **DENY** Williams's petitions.

In support of his Motion, Williams raises several arguments related to ineffective assistance of counsel, each of which Judge Atkins found to be without merit. First, Mr. Williams argues that his two convictions for violations of 18 U.S.C. § 924(c) were unlawfully stacked, resulting in a higher sentence; his attorney, in turn, was ineffective for failing to object to this sentence. *Id*. at 4-5. Judge Atkins concluded that Mr. Williams misinterprets the First Step Act in the framing of his argument. *Id*. Judge Atkins explained that the Act did not prohibit Williams from lawfully receiving stacked five-year consecutive sentences. *Id*. On the contrary, the First

Step Act actually "lowered the sentence he would have received on the second § 924(c) count from 25 years to five." *Id*. at 5. Consequently, Judge Atkins concluded that in light of this, Williams is unable to establish any prejudice. *Id*.

Judge Atkins next addressed Mr. Williams's related argument that because he misunderstood the First Step Act, his plea agreement was not knowingly and voluntarily signed. *Id*. After examining the factual record, Judge Atkins concludes that this claim is also without merit. *Id*. at 6. Judge Atkins observed that Mr. Williams spoke with counsel on at least four separate occasions prior to the execution of the plea agreement as to the "nature and implications," of the agreement. *Id*. Additionally, Judge Atkins notes that during rearraignment, Magistrate Judge Matthew A. Stinnett conducted a Rule 11 plea colloquy in which Mr. Williams stated that he "had the opportunity to review the plea agreements and discuss them with counsel, was aware of the implications of signing the agreement and pleading guilty, and that he was entering into the agreements of his own free will." *Id*. Taken together, Judge Atkins concludes that these assertions "belie his post-hoc assertion that he did not knowingly and voluntarily sign his plea agreement." *Id*.

Finally, Judge Atkins addressed Mr. Williams's claim that counsel was ineffective in his failure to file a notice of appeal, despite Mr. Williams's direction to his counsel to do so. *Id*. at 6-7. Judge Atkins, however, concluded that the record is complete devoid of any evidence to suggest that Mr. Williams directed his counsel to file a notice of appeal. *Id*. at 8. On the contrary, Judge Atkins notes that the United States filed an affidavit with the court from Williams's counsel which clarifies that Mr. Williams did not seek to appeal, along with a letter from counsel to Williams dated July 18, 2024, "evidencing that he confirmed that he did not wish to file an appeal in support." *Id*. at 7. Mr. Williams's assertions to the contrary are backed by nothing

2

more than "unsworn statements contained in his § 2255 motion." *Id*. Consequently, Judge Atkins denied Mr. Williams's request for an evidentiary hearing and concluded that Mr. Williams's allegations "are contradicted by the record." Judge Atkins also recommends that Mr. Williams be denied a certificate of appealability. *Id*. at 9-10.

Generally, this Court must make a *de novo* determination of those portions of a Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Atkins's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 44]** is **ADOPTED** as and for the opinion of the Court;

2. Mr. Williams's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence **[R. 33]** is **DENIED**;

3. A Certificate of Appealability is **DENIED** as to all issues raised; and

4. Judgment in this matter will follow promptly.

3

This the 7th day of November, 2025.

Gregory F. Van Tatenhove
United States District Judge